UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIT 24 CIC, LP,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>OXONE ROSS MAVUNGU,<br><br>　　　　　　　　　Defendant. | Case No.: 3:23-cv-01927-JAH-BGS<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) REMANDING THE ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO.**<br><br>**(ECF Nos. 1, 2).** |

On October 24, 2022, Plaintiff United 24 CIC, LP ("Plaintiff") filed a complaint in the Superior Court of California, County of San Diego for unlawful detainer against Defendant Oxone Ross Mavungu's ("Defendant"), and Does 1 to 10, inclusive. The complaint only alleges a state law claim and is a limited civil case with a demand not exceeding $25,000. Defendant, appearing *pro se*, filed a notice of removal, (ECF No. 1), and motion for leave to proceed in forma pauperis ("IFP"), (ECF No. 2). For the reasons set forth below, the Court **DENIES** the motion for leave to proceed IFP and **REMANDS** the action to the Superior Court of California, County of San Diego.

# DISCUSSION

## I. Legal Standard

The federal court is one of limited jurisdiction. *Kokkoken v. Gardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). Thus, at any time during the proceedings, a district court may sua sponte remand a case to state court if the court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.* A state court action can be removed if it could have originally been brought in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. *See Ely Valley Mines, Inc. v. Hartford Acc. And Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## II. Analysis

Upon review of the notice of removal and the complaint, this Court finds it appropriate to *sua sponte* remand the case to state court because the notice of removal fails to establish a proper basis for this Court's jurisdiction.

The complaint asserts a single cause of action for unlawful detainer, which does not arise under federal law. Defendant asserts Plaintiff "would not uphold a contractual

agreement to protect me from eviction pursuant of the VAMA[1] [sic] act, which is a federal law" and Plaintiff "committed fraud by attempting to add illegal, fraudulent charges to the balance." (ECF No. 1. at 2). However, Plaintiff's attempt to invoke federal law in a fraudulent detainer matter does not confer jurisdiction to this Court. *See Caterpillar*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint."). Plaintiff's complaint for unlawful detainer fails to support federal question or diversity jurisdiction.

Additionally, even if the complaint established a basis for this Court's jurisdiction, Plaintiff's removal notice is untimely. A civil case must be removed thirty (30) days after the defendant receives notice of the case or within thirty days after the service of summons upon defendant. 28 U.S.C. § 1446(b)(1). Although Defendant does not provide the date on which the complaint was served, the complaint was filed on October 24, 2022, and judgment entered "[o]n April 2023," (ECF No. 1 at 2), rendering Plaintiff's removal of this action untimely.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED this action is *sua sponte* REMANDED to state court for all further proceedings.

**IT IS SO ORDERED.**

DATED: October 24, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

[1] It appears Defendant is referencing the Violence Against Women Act.